POGUST, BRASLOW & MILLROOD, LLC
Harris L. Pogust, Esquire   (PA 52721)
Derek T. Braslow, Esquire   (PA 78994)
Andrew J. Sciolla, Esquire   (PA 203445)
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile:  (610) 941-4245
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK SABOL, REBECCA ODOM, GERALDINE ANDREWS, and JOHN LYONS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APOLLO GROUP, INC.; UNIVERSITY OF PHOENIX, INC.,<br><br>Defendants. | Civil Action No. _____<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Erik M. Sabol, Rebecca Odom, Geraldine Andrews, and John Lyons ("Plaintiffs"), individually and on behalf of all other similarly situated employees of Apollo Group, Inc., and University of Phoenix, Inc. ("Defendants") by and through undersigned counsel, hereby bring this Collective Action Complaint ("Complaint") against Defendants and allege as follows:

### NATURE OF THE ACTION

1.   As explained herein, under applicable employment laws, nonexempt "academic counseling advisors" (a/k/a academic counselors) and "enrollment counseling advisors" (a/k/a

enrollment counselors) are entitled to overtime compensation for work completed over forty hours per week.

2. Plaintiffs bring this collective action on behalf of themselves and all academic and enrollment counselors who are or were employed by Defendants at its locations throughout the United States to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* ("FLSA").

3. Plaintiffs bring this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendants' willful and unlawful conduct.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

5. Venue is proper in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b) and (c), by virtue of the fact that Defendants currently conduct and solicit and, at all times mentioned in this Complaint, have conducted and solicited business in this district at a business address at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

6. Plaintiff, Erik M. Sabol, is a Pennsylvania resident who currently resides at 9401 Ashton Road, apartment B6, in the city of Philadelphia, Philadelphia County, Pennsylvania,

19114, and who was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056, from approximately February 2007 until May 21, 2009.

7. Pursuant to 29 U.S.C. § 216(b), Plaintiff Erik M. Sabol consents to be a party for the purpose of this Collective Class Action.

8. Plaintiff, Rebecca Odom, is a Pennsylvania resident who currently resides at 199 Crestview Avenue, in the city of Newtown, Bucks County, Pennsylvania, 18940, and who was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056, from approximately February 2008 until January 23, 2009.

9. Pursuant to 29 U.S.C. § 216(b), Plaintiff Rebecca Odom consents to be a party for the purpose of this Collective Class Action.

10. Plaintiff, Geraldine Andrews, is a Pennsylvania resident who currently resides at 5031 Ludlow Street, in the city of Philadelphia, Philadelphia County, Pennsylvania, 19139, and who was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056, from approximately July 2008 until March 2009.

11. Pursuant to 29 U.S.C. § 216(b), Plaintiff Geraldine Andrews consents to be a party for the purpose of this Collective Class Action.

12. Plaintiff, John Lyons, is a New Jersey resident who currently resides at 179 LaCosta Drive, in the city of Blackwood, Camden County, New Jersey, 08012, and who was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056, from approximately March 27, 2007 until April 21, 2009.

13. Pursuant to 29 U.S.C. § 216(b), Plaintiff John Lyons consents to be a party for the purpose of this Collective Class Action.

14. The Proposed Collective Class consists of current and former employees of Defendants who were employed during the statutory period covered by this Complaint as academic or enrollment counselors, which are non-exempt positions entitled to overtime wages pursuant to the FLSA.

15. Defendant Apollo Group, Inc. ("Apollo Group") is a corporation organized under the laws of Arizona maintaining a principal place of business at 4615 East Elwood Street, in Phoenix, Maricopa County, Arizona, 85040.

16. Defendant University of Phoenix is a subsidiary of Apollo Group and also maintains its principal place of business at 4615 East Elwood Street, in Phoenix, Maricopa County, Arizona, 85040.

17. Upon information and belief, Defendants operate numerous locations under the name "University of Phoenix" throughout the United States and provide undergraduate and graduate courses to interested students over the internet.

18. At all relevant times, Defendants have been and continue to be employers within the meaning of the FLSA.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS

19. From approximately February 2007 until May 21, 2009, Plaintiff Erik M. Sabol was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056. From October 2005 until February 2007, Plaintiff worked at Defendants' location at 600 N Pine Island Rd, Ste. 500 in Plantation, Florida, 33324.

20. At all times relevant hereto, Plaintiff Erik M. Sabol's job titles included "academic counselor" and "enrollment counselor" throughout his employment with Defendants at the locations in Pennsylvania and Florida.

21. From approximately February 2008 until January 23, 2009, Plaintiff Rebecca Odom was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056.

22. At all times relevant hereto, Plaintiff Rebecca Odom's job title was "enrollment counselor" throughout her employment with Defendants at a Pennsylvania location.

23. From approximately July 2008 until March 2009, Plaintiff Geraldine Andrews was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056. From June 2005 until July 2008, Plaintiff worked at Defendants' location at 600 N Pine Island Rd, Ste. 500 in Plantation, Florida, 33324.

24. At all times relevant hereto, Plaintiff Geraldine Andrews' job title was "enrollment counselor" throughout her employment with Defendants at the locations in Pennsylvania and Florida.

25. From approximately March 27, 2007 until April 21, 2009, Plaintiff John Lyons was employed at Defendants' location at 311 New Rogers Road, in Levittown, Bucks County, Pennsylvania, 19056.

26. At all times relevant hereto, Plaintiff John Lyons' job title was "enrollment counselor" throughout his employment with Defendants at a Pennsylvania location.

27. Plaintiffs regularly worked hours in excess of forty (40) hours per week. In fact, Plaintiffs estimate that they would frequently work nearly fifty (50) hours a week in order to complete the work that was assigned to them.

28. Plaintiffs worked these overtime hours with the knowledge, permission, and mandate of their superior(s).

29. During their employment at Defendants' locations, Plaintiffs' superiors consistently stated that if working extra hours was required in order for employees to meet the required performance goals, then the employees should do so, but they will not be paid for any time spent working over forty hours.

30. Additionally, during Plaintiffs' lunch hours, Plaintiffs were routinely required by their supervisors to attend training sessions called "Lunch and Learns" for which Plaintiffs were never compensated.

31. Therefore, Defendants not only failed to correctly pay overtime in the amount of 1.5 times Plaintiffs' regular hourly rate but Defendants also failed to pay Plaintiffs at all for some of the hours Plaintiffs worked in a given week.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

32. Plaintiffs bring this action on behalf of all persons employed by Defendants in the positions of "academic counselor" and "enrollment counselor" to recover unpaid regular and overtime compensation pursuant to the FLSA.

33. Employees working as enrollment counselors are responsible for advising undergraduate and graduate students regarding admissions, degree completion requirements and financial aid, as well as enrolling new students for Defendants' graduate, undergraduate, and certificate programs.

34. Employees working as academic counselors are responsible for advising undergraduate and graduate students regarding admissions, degree completion requirements and financial aid, as well retaining current students and re-enrolling prior students for Defendants' graduate, undergraduate, and certificate programs.

35.  Academic and enrollment counselors had similar duties and responsibilities. In fact, both academic and enrollment counselors were required to have a certain amount of hours of time on the phone per day and to enroll and/or re-enroll a certain amount of students each month. Additionally, enrollment counselors were required to obtain a certain amount of referrals from current or potential students each month.

36.  Due to the nature of the job responsibilities, Plaintiffs and members of the Collective Class were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Defendants. However, Plaintiffs and members of the Collective Class did not receive compensation for all hours worked. Nor did they receive overtime compensation for all hours worked in excess of forty (40) hours per week.

37.  Neither Plaintiffs nor members of the Collective Class are exempt from the overtime requirements under the FLSA. In fact, Defendants classify both academic and enrollment counselors as non-exempt employees.

38.  Upon information and belief, Plaintiffs and the Proposed Class members were all victims of Defendants' singular policy, plan or decision to not pay overtime compensation to admission and enrollment counselors who work over forty hours per week.

39.  Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every other member of the Collective Class, as well as the applicable compensation rates, is and/or should be in Defendants' possession. However, if these records are unavailable, members of the Collective Class may establish the hours they worked solely by their testimony and, at that point, the burden of overcoming such testimony shifts to the employer. *See* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

40. Accordingly, Plaintiffs and the members of the Collective Class are entitled to recover loss of wages, compensation and overtime pay due them from overtime hours worked for which premium compensation was not paid by Defendants in willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring this action on behalf of themselves and those similarly situated to them as a collective action pursuant to 29 U.S.C. § 216(b).

42. This Complaint is brought as a Collective Action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and other damages owed to Plaintiffs and all similarly situated current and former employees of Defendants.

43. The claims under the FLSA may be pursued by all similarly situated employees who opt-in to the Collective Class pursuant to 29 U.S.C. § 216(b).

44. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

> All persons during the applicable statutorily defined period who: (i) are/were current or former academic and enrollment counselors employed by Defendants; (ii) are/were not paid for all the hours worked in a given workweek; (iii) are/were not paid overtime compensation at a rate not less than one and one-half (1.5) times the rate at which they are employed for work performed beyond the forty (40) hours work week; and (iv) choose to opt-in to this action.

45. This action is properly maintained as a Collective Action because Plaintiffs are similarly situated to the members of the Collective Class with respect to job title, job description, job duties, and the wage and hour violations alleged in this Complaint.

46. Notice of the pendency and any resolution of this action can be provided to the Collective Class by mail, print, and/or internet publication.

47.   Plaintiffs estimate that there are hundreds of similarly situated employees, who either currently work for or previously worked for Defendants. The precise number of employees can be easily ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records.

**COUNT I**
**FAIR LABOR STANDARDS ACT**

48.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

49.   At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50.   At all relevant times, Defendants employed and/or continue to employ Plaintiffs and each member of the Collective Class within the meaning of the FLSA.

51.   Pursuant to the FLSA, all employees must be compensated for every hour worked in a workweek. Furthermore, unless proven to be exempt from the protection of overtime laws, an employee must be paid overtime equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

52.   Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA by simply failing and refusing to pay the correct amount of overtime wages and, in some instances, any overtime compensation at all to its current and former employees, including Plaintiffs and members of the Collective Class, who were employed by Defendants as academic and enrollment advisors at Defendants' various locations throughout the United States.

53.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54.   As a direct and proximate cause of Defendants' actions, Plaintiffs and members of the Collective Class suffered damages, including but not limited to their unpaid compensation, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays this Court for:

A.   A Declaration that Defendants have violated the FLSA;

B.   An Order designating the case as a collective action and issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

C.   An Order appointing Plaintiffs and their counsel to represent the Collective Class;

D.   An Order for Defendants to file with this Court and furnish to counsel a list of all names and addresses of all employees who have worked for Defendants during the past three (3) years, and authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their rights related to the suit if they worked hours in excess of forty (40) hours in a week during the statutorily defined period, but were not paid overtime compensation as required by the FLSA;

E.   A Declaration that Plaintiffs and similarly situated employees are entitled to overtime compensation for hours worked in excess of forty (40) hours per week;

F.   An Order enjoining Defendants from any further violations of the FLSA;

G. An Order awarding Plaintiffs and members of the Collective Class overtime wages, compensatory and punitive damages, liquidated damages, reasonable attorneys' fees, all costs of this action, pre and post-judgment interest and costs, and all other statutorily permitted remedies under the FLSA.

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

**July 21, 2009**                                            Respectfully submitted,

**Pogust, Braslow and Millrood, LLC**
Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Andrew J. Sciolla, Esquire
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile:  (610) 941-4245
hpogust@pbmattorneys.com
dbraslow@pbmattorneys.com
asciolla@pbmattorneys.com

**Khorrami Pollard & Abir, LLP**
Shawn Khorrami, Esquire
Matt Bailey, Esquire
444 S. Flower Street 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
SKhorrami@kpalawyers.com
MBailey@kpalawyers.com

*Attorneys for Plaintiffs and Collective Class*